David Abrams, Attorney at Law
P.O. Box 3353 Church Street Station
New York, New York 10008
Tel. 212-897-5821 dnabrams@gmail.com

United States District Court
Southern District of New York
_____

|  |  |  |
|---|---|---|
| United States of America ex rel. TZAC, Inc., | ) ) ) | |
| Plaintiff-Relator, | ) ) | |
| - against - | ) ) | Index No.: |
| Bard College d/b/a Alquds Bard Honors College for Arts & Sciences, | ) ) ) | **COMPLAINT** |
| Defendant. | ) ) | |

_____)



Plaintiff-Relator, complaining of the Defendant by its attorney, David Abrams, Attorney at Law, respectfully sets forth and alleges as follows:

**I.      Nature of the Case**

1.      This is a false claims act claim.  The Qui Tam Plaintiff and Relator, TZAC, Inc. ("The Zionist Advocacy Center" or "Relator"), alleges that the Defendant obtained USAID funding by means of fraudulent certifications that it does not support terrorism.

**II.     Parties**

2.      The Defendant Bard College d/b/a Alquds Bard Honors College for Arts & Sciences ("Alquds Bard") is a New York educational institution based in Annandale-on-Hudson, Dutchess County New York which operates various schools and overseas centers in the United States and overseas.

3.      Relator TZAC, Inc. ("The Zionist Advocacy Center" or "Relator" or "Plaintiff") is a New York business corporation.

**III.    Compliance With Requirements of Suit**

4.      This matter has been or will be filed under seal pursuant to 31 U.S.C. Section 3730(b); at or about the same time, a copy of the Complaint, Sealing Order, and Relator's disclosure of evidence were or will be served on the Department of Justice and the United States Attorney for the Southern District of New York.

5.      Relator will not serve the Complaint or any other papers in this matter until and unless it becomes unsealed.  Thus, if the Complaint is served on the Defendant, it means that the matter has been duly unsealed.

**IV.     Jurisdiction and Venue**

6.       This Court has jurisdiction pursuant to 31 U.S.C. Section 3732(a) which provides that this type of action may be brought in any district where the Defendant resides or transacts business.  In this case, Defendant resides in the Southern District of New York.

**V.     A Brief Statement of the Fraudulent Scheme**

7.     The Defendant has received substantial USAID funding in recent years.  In order to be eligible for funding, the Defendant had to execute certifications indicating that it has not provided material support or resources to terrorist persons or entities in the last 10 years.  ("Anti-Terrorism Certifications" or "ATC's")  As set forth below, these certifications were false when made.

**VI.    The Specific Fraudulent Statements of the Defendant**

8.     In order to obtain USAID dollars, the Defendant had to execute ATC's in connection with grants AID294G1600002 (7/5/2016); AID294G1400001 (9/29/2014); AIDASHAA1500005 (9/24/2015); and AID294A1200007 (5/10/12).

9.     Among other things, the ATC form contained certifications as to support of terrorism. The terrorism certification states as follows:

> The Recipient to the best of its current knowledge, did not provide within the previous ten years, and will take all reasonable steps to ensure that it does not and will not knowingly provide, material support or resources to any individual or entity that commits, attempts to commit, advocates, facilitates, or participates in terrorist acts, or has committed, attempted to commit, facilitated, or participated in terrorist acts . . . .

The document in turn defines "material support or resources" as follows:

> currency or monetary instruments or financial securities, financial services, lodging, training, expert advice or assistance, safehouses false documentation or Identification, communications equipment, facilities, weapons, lethal substances, explosives, personnel, transportation, and other physical assets, except medicine or religious materials."

10.    As set forth in more detail below, the Defendant has provided material support or resources to the Popular Front for the Liberation of Palestine and the International Solidarity Movement.

11.    At all times relevant to this matter, the Popular Front for the Liberation of Palestine ("PFLP") was a designated terrorist organization.

12.    Indeed, this organization is well known for its genocidal rhetoric; its eagerness to attack innocent people, particularly Jewish Israelis, and/or their virulent anti-Semitism.

13.     Although the International Solidarity Movement ("ISM") is not a designated terrorist organization, the publicly available information indicatetes that ISM facilitates and advocates terrorism.

14.     For example, in 2003, the ISM permitted Shadi Sukiya, a senior member of the Islamic Jihad terrorist organizition, to hide in its offices in Jenin.

15.     An official Israeli government report stated that "ISM members take an active part in illegal and violent actions against IDF soldiers. At times, their activity in Judea, Samaria and the Gaza Strip is under the auspices of Palestinian terrorist organizations."

16.     Indeed, the co-founder of the ISM, Huwaida Arraf, has openly stated that her organization "cooperates with Hamas, the Palestinian Islamic Jihad and the Popular Front for the Liberation of Palestine"

17.     The ISM has numerous local chapeters around the world, but only one is based on a college campus -- ISM Bard College.

**VII.    The Acts of the Defendant**

18      At all times relevant to this Complaint, the Defendant operated on the campus of Al Quds university which hosted and recognized a student club which calls itself the "Progressive Student Action Front" and sometimes the "Progressive Student Labor Front" ("PSLF").

19.     The PSLF is the official student wing of the Popular Front for the Liberation of Palestine, a fact which is well known throughout Judea & Samaria, commonly referred to as the "West Bank."

20.     Indeed, the Alquds University chapter of the PSLF states explicitly on its social media accounts that it is the student wing of the PFLP.

21.     With the knowledge and consent of administration, the PSLF openly holds events, distributes literature, raises funds, and recruits members on the campus of Al Quds University.

22.     Thus, with respect to the PFLP, Al Quds Bard's certifications were false in two ways. First, the agreement between Al Quds University and Al Quds Bard permits students at Al Quds

Bard to participate in and attend all student activities and events on the greater Al Quds University campus.  Thus, Al Quds Bard is providing material support to the PFLP by supplying students who can be recruited or sold PFLP merchandise in support of the PFLP.  Second, Al Quds University is facilitating terrorism by allowing the PFLP to operate openly on its campus amd Defendant Al Quds Bard is providing material support to Al Quds University by leasing space on campus and partnering with it in connection with a joint degree program.

23.     With respect to the ISM, Bard College is unique among American universities in that is hosts a campus chapter of the ISM.  The Campus Chapter has used Bard college facilities to host events at which funds were raised.

**VIII.   (Count I)  Violation of the False Claims Act**

24.     The False Claims Act imposes liability on a person or entity who " knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim"  31 U.S.C. Section 3729(a)(1)(B)

25.     The Courts have held that this can include false statements regarding eligibility to participate in a program.  See *United States ex rel. Kirk v. Schindler Elevator Corp.,*  601 F.3d 94, 116 (2d Cir. 2010), *rev'd on other grounds*, 131 S.Ct. 1885 (2011) ("[C]laims may be false even though the services are provided as claimed if, for example, the claimant is ineligible to participate in the program.")

26.     Thus, Defendant's certifications regarding support of terrorism violated the False Claims Act because they were false and required for eligibility for USAID dollars.

[continued on next page]

### IX. Relief Sought

27. On behalf of the government, Relator is seeking judgment for the triple damages and civil penalties set forth in 31 U.S.C. Section 3729.

28. According to the government spending web site, Defendant received at least approximately $6.2 million in USAID grant funds over the last 6 years. These funds would have been received as a result of fraudulent certifications including those referred to above. Although one of the certifications involved was executed more than 6 years ago, Defendant received most of the monies involved as a result of the certification during the past 6 years and thus "used" a false statement during the limitations period for the grant in question.

29. Accordingly, Relator seeks judgment in the amount of $18.6 million against Defendant and in favor of the United States, together with costs, interest, civil penalties, an appropriate qui tam award, and such other and further relief as the Court deems just.

Respectfully submitted,

_____

David Abrams, Attorney at Law
 Attorney for Relator
The Zionist Advocacy Center

P.O. Box 3353 Church Street Station
New York, NY 10008
Tel. 212-897-5821
Fax  212-897-5811

Dated: New York, NY
       December 12, 2018